MARY E. CANNON, plaintiff in error, vs. JOHN S. ROWLAND, Superintendent of the Western & Atlantic Railroad, defendant in error.

In July, 1862, an engineer, while employed on the W. & A. R. R., was killed by the colliding of two trains ; in March, 1863, his widow brought an action against the road to recover damages for the same : *Held*, That under the provisions of the Act of 18th April, 1863, the action is maintainable.

Case, &c. In Fulton Superior Court. Decided on demurrer by Judge WARNER. April Term, 1866.

The plaintiff in error, as the widow of Sylvester M. Cannon, on the 17th of March, 1863, brought an action on the case, returnable to the ensuing April Term of Fulton Superior Court, against the superintendent of the Western & Atlantic Railroad, to recover damages for the homicide of her husband.

Cannon vs. Rowland.

The declaration alleged that, on the 6th of July, 1862, the plaintiff's husband, as one of the engineers of said road, was, by order of the superintendent, running a train of cars upon the same ; that the superintendent, although it was Sunday, and contrary to the custom of the road, and without giving any notice thereof, caused another train to start and run on the same track in an opposite direction ; that this last mentioned train ran out of schedule time; and that the two trains, in a sudden curve of the road, came in collision, whereby the plaintiff's husband was killed, to her damage ten thousand dollars.

At the appearance term, the defendant demurred to the declaration as containing no cause of action.   No decision was had upon the demurrer until April Term, 1866, when the presiding Judge sustained it, and passed an order dismissing the action.

This is the judgment complained of.

HAMMOND & HOYT and BAUGH, for plaintiff in error.

BARNETT & BLECKLEY, for defendant.

WALKER, J.

On the 17th March, 1863, the plaintiff brought her action against defendant, as superintendent of the Western & Atlantic Railroad, to recover damages for the killing of her husband, by a collision of the cars of defendant on the 6th of July, 1862.   Deceased was an engineer, in the employment of the road, at the time he was killed.   To this action defendant demurred ; the Court sustained the demurrer and dismissed the case; and this decision is brought up for review.

It is admitted, that prior to the passage of the Act of 1856, *Pamphlet Acts*, 154, and the adoption of the Code, the principal is not liable to one agent or employee for damages occasioned by the negligence or misconduct of another

agent or employee. *Scudder vs. Woodbridge*, 1 *Kelly*, 195; *Shields vs. Younge, superintendent, etc.*, 15 *Ga. R.*, 349.

The Act of 1856 changed the rule so far as it applied to "Railroad companies," but was decided not to be applicable to the Western & Atlantic Railroad. *Walker vs. Spullock, sup't.*, 23 *Ga. R.*, 436. The Code, sections 889–90, makes the State occupy the same relation to this road, as owner, that any company does to its railroad, and the obligations of the State to the public concerning said road are the same as govern the other railroads of this State; and all the public road·laws and penal laws touching the railroads of this State, whether to obligate or protect, apply to the State Road. The Code did not go into effect until January 1st, 1863, though adopted in December, 1860; but in April, 1863, *Acts*, page 182, an Act was passed, "*to declare* the liability of the Western & Atlantic Railroad for damages in running locomotives, cars, and other machinery, to regulate the mode of bringing suits therefor, and to declare all suits brought against said railroad *since the adoption* of the Code, legal and valid." This enacts, "that all the laws now in force in this State regulating the liabilities of railroad companies in this State, for damages done by the running of locomotives, cars, and other machinery, be, and the same are hereby *declared to apply equally* to the Western & Atlantic Railroad;" and that all suits which may have been brought since the adoption of the Code, against said road, are declared legal and valid. Blackstone, in his *Commentaries, book* 1, *page 86*, says, that a declaratory statute is one which declares, "what the common law is and ever hath been." Without adopting this broad rule, we may safely say that the Legislature has power to declare that said road shall be liable in the same manner, and to the same extent, as other roads are, and may extend this liability back to any reasonable period within its discretion. We think the intention of the Act of 1863 was to declare the Western & Atlantic Railroad, in the cases named, subject to the same liabilities to which railroad companies are subject; and to sustain all

actions to recover damages for such liabilities, which may have theretofore been brought, since the adoption of the Code. Such being the legislative mind, expressed in not very clear terms, we admit, but sufficiently clear, we think, to be understood, it is our duty to carry out the will of the law-making power; and in doing so, we are compelled to reverse the judgment of the Court below, and order the case to be re-instated.

Judgment reversed.